UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORENZO ROBERTS,

    Plaintiff,

v

LINCOLN FINANCIAL GROUP,

----------------------------------------------------------/

**COMPLAINT**

Plaintiff states:

### Nature of Action and Jurisdiction

1. This is a civil complaint brought under ERISA §502, 29 USC 1132, and federal common law, regarding breach of the terms of an employee benefit plan, for the purpose of compelling Defendant to provide certain disability insurance benefits in the amounts and at the coverage levels promised and for an accounting, recovery of damages, costs, and attorney fees incurred as a consequence of Defendant's failure to do so.

2. This Court has jurisdiction pursuant to ERISA §§502(e)(1), (f), 29 USC 1132(e)(1), (f), and 28 USC 2201.

3. Venue properly lies in this District pursuant to ERISA §502(e)(2), 29 USC 1132(e)(2).

**Parties and General Allegations**

4. Plaintiff Lorenzo Roberts is a participant, within the meaning of ERISA §3(7), 29 USC 1002(7), in a welfare benefit plan ("Plan") by virtue of his former employment with DFCU Financial ["DFCU"]. Plaintiff resides in Ypsilanti, Michigan.

5. Defendant Plan is a welfare benefit plan within the meaning of ERISA §3(1), 29 USC 1002(1). The Plan was issued by defendant Lincoln Financial Group ["Lincoln"] to DFCU, as plan sponsor.

6. Defendant Lincoln is a foreign corporation that is and was at all material times doing business in this district. Lincoln issued the Plan and is plan administrator and fiduciary, within the meaning of ERISA §§3(16), 402(a)(2), 29 USC 1002(16), 1102(a)(2), with respect to the Plan.

7. On or about January 13, 2019, Plaintiff stopped working and eventually became entitled to payment of short term disability monthly benefits under the Plan as well as qualifying for a waiver of his life insurance premiums. Lincoln paid these benefits to Plaintiff until March 20, 2019.

8. On or about May 30, 2019 Plaintiff received a letter from Lincoln stating that his monthly short disability benefits and life insurance premium waiver under the Plan were discontinued effective March 20, 2019. A second letter from Lincoln sent the same day stated that Plaintiff's application for long term disability benefits from Lincoln was denied because he had not been disabled long enough in Lincoln's view to satisfy the Plan's elimination requirement.

9. Despite repeated demands by Plaintiff, Defendant has failed to reinstate these benefits to Plaintiff.

10. Plaintiff formally appealed the denial and discontinuation of disability and life insurance premium waiver benefits in accordance with the Plan's claims review and appeal procedure. On February 4, 2020, Lincoln denied Plaintiff's long and short term disability and life insurance premium waiver appeals and upheld its earlier decisions. Lincoln informed Plaintiff that no further appeals would be offered and that his claim would remain closed.

**Count I Action Under ERISA §502(a)(1)(B), 29 USC 1132(a)(1)(B), to Recover Full Benefits**

11. Plaintiff incorporates by reference paragraphs 1 through 10.

12. The discontinuation of Plaintiff's disability benefit payments are in direct violation of the terms of the Plan.

**Prayer for Relief**

PLAINTIFF REQUESTS that the Court grant the following relief:

a. a declaratory judgment pursuant to ERISA §502(a)(1)(B), 29 USC 1132(a)(1)(B), and 28 USC 2201, declaring that Plaintiff is entitled to grant of the group disability benefits in the proper amounts as set forth in the Plan in effect at the time benefits became payable and that Defendants have violated the Plan by discontinuing these benefits;

b. preliminary and permanent injunctions pursuant to ERISA §502(a)(3), 29 USC 1132(a)(3), and Fed R Civ P 65, enjoining Defendant from discontinuing, reducing, limiting, or terminating the disability benefits payable to Plaintiff under the Plan;

c. a full and accurate accounting by Defendant of all computations for Plaintiff's disability benefits, in sufficient detail so that Plaintiff may ascertain that his benefits are being paid in the proper amount;

d. an order compelling Defendant to pay Plaintiff forthwith the full amount of disability benefits due his and to continue such payments for the period set forth in the Plan, including interest on all unpaid benefits;

e. reasonable attorney fees and costs, pursuant to ERISA §502(g)(1), 29 USC 1132(g)(1);

f. such other relief as may be just and appropriate.

Respectfully submitted this 6th day of May, 2020.

s/Jacob Bender<br>
Cooper & Bender, P.C.<br>
4153 Occidental Highway<br>
P.O. Box 805<br>
Adrian, Michigan 49221<br>
517-263-7884<br>
frontdesk@cooperandbenderpc.com<br>
P-78743